UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA A. JOYCE,

    Plaintiff,

v.                                    Case No. 8:20-cv-2045-T-AEP

LM GENERAL INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

Plaintiff Barbara A. Joyce ("Joyce") initiated this action in state court against her insurer, LM General Insurance Company ("LM General"), asserting claims for uninsured motorist ("UM") benefits (Counts I and II) and for statutory bad faith pursuant to Florida Statutes § 624.155 (Counts III and IV) related to two car accidents occurring in 2016 and 2018, respectively (Doc. 1-1). Following removal (Doc. 1), LM General now moves to dismiss Counts III and IV of the Complaint (Doc. 6). Namely, by the motion, LM General argues that Joyce's claims for statutory bad faith have not yet accrued, and may never accrue, because Joyce must first prevail on her UM coverage claims before bringing her bad faith claims. LM General contends that Counts III and IV should therefore be dismissed without prejudice. Joyce responds in opposition, asserting that the Court should exercise its discretion to simply abate the bad faith claims as opposed to dismissing those claims without prejudice (Doc. 8). As discussed more fully below, given that Joyce's bad faith claims are premature and not yet ripe, the Court need not abate those claims but rather shall dismiss them without prejudice such that Joyce may file a new action once her claims become ripe for adjudication. Accordingly, for

the reasons that follow, LM General's motion (Doc. 6) is granted, and Counts III and IV are dismissed without prejudice.

### I. Standard of Review

Although not clearly articulated in the motion, LM General effectively seeks to dismiss Counts III and IV for failure to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure. In considering a motion to dismiss under Rule 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and accepts as true all of the factual allegations contained therein. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (*per curiam*) (citation omitted). A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" however. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Indeed, although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not contain detailed factual allegations, a plaintiff must provide the grounds for his or her entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Accordingly, only a complaint that states a plausible claim for relief will survive a motion to dismiss. *See id.* at 679.

### II. Discussion

As indicated, LM General seeks dismissal of Counts III and IV of the Complaint, *i.e.*, the bad faith claims, as premature because Joyce's claims for UM benefits are also pending in this action and have not yet been adjudicated (Doc. 6). Even accepting all of the factual allegations in the Complaint as true, Joyce concedes that her bad faith claims are in fact

premature, but she asks the Court to abate rather than dismiss those claims (Doc. 8). Indeed, as the parties agree, Joyce has not yet received a favorable determination of coverage or liability and, in the ordinary case, such a determination is a prerequisite to a bad faith claim. Importantly, Florida law does not recognize a "valid" bad faith claim until there has been a determination of the insurer's liability and the insured's damages. *See Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.*, 483 F.3d 1265, 1270 n.3 (11th Cir. 2007); *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1276 (Fla. 2000). The only issue before the Court is thus whether the bad faith claims should be abated or dismissed without prejudice. *See Gilbert v. State Farm Mut. Auto. Ins. Co.*, 95 F. Supp. 3d 1358, 1363 (M.D. Fla. 2015); *Landmark Am. Ins. Co. v. Studio Imps., Ltd., Inc.*, 76 So. 3d 963, 964-65 (Fla. Dist. Ct. App. 2011) ("The trial court can decide to either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue is resolved.").

While courts addressing the issue have not settled on a single course of action for handling a premature bad faith claim, the decision of whether to abate or dismiss the claim without prejudice ultimately rests in the sound discretion of the trial court. *Cox v. Nat'l Gen. Ins. Online, Inc.*, No. 8:15-cv-1924-T-33JSS, 2015 WL 5316966, at *2 (M.D. Fla. Sept. 11, 2015) (citations omitted). As United States District Judge Paul Byron explained, however:

> [A]bating the bad-faith claim, even if it may be in the interest of judicial economy, is not the proper route. Bringing a premature bad-faith claim is contrary to the Federal Rules of Civil Procedure. A plaintiff who has an as-yet unresolved claim for UM benefits is not "entitled to relief" on its claim for bad-faith.

*Bele v. 21st Century Centennial Ins. Co.*, 126 F. Supp. 3d 1293, 1296 (M.D. Fla. 2015) (citation omitted). Under the circumstances of this case, therefore, the Court declines to abate Joyce's bad faith claims and rather exercises its discretion to dismiss without prejudice the prematurely filed claims for bad faith. *See, e.g., Frantz v. Century-Nat'l Ins. Co.*, No. 8:19-cv-969-T-33SPF,

3

2019 WL 4394083, at *3 (M.D. Fla. Sept. 13, 2019) (dismissing without prejudice a prematurely filed claim for bad faith); *Bele*, 126 F. Supp. 3d at 1296 (exercising its discretion to dismiss without prejudice, rather than abate, the unripe bad faith claim); *Wells v. State Farm Mut. Auto. Ins. Co.*, No. 8:13-cv-2355-T-27AEP, 2014 WL 3819436, at *1 n.1 (M.D. Fla. Mar. 18, 2014) ("The trend in Florida's appellate courts is to dismiss the bad faith claim without prejudice, rather than abate it, and the weight of authority from Florida's District Courts of Appeal and Supreme Court supports dismissal."); *Great Am. Assurance Co. v. Sanchuk, LLC*, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *7 (M.D. Fla. Jan. 23, 2012) ("[W]hen premature filing of an action cannot be cured by the passing of time—that is, when the claim is dependent upon the outcome of a separate action—dismissal without prejudice is preferred.").

### III. Conclusion

For the foregoing reasons, it is hereby

ORDERED:

1. LM General's Motion to Dismiss Counts III and IV (Doc. 6) is GRANTED.

2. Counts III and IV of the Complaint are DISMISSED WITHOUT PREJUDICE. To the extent appropriate, Joyce may file a new action once her bad faith claims become ripe for adjudication.

3. Within fourteen (14) days of the date of this Order, LM General shall submit its answer to Counts I and II of the Complaint.

DONE AND ORDERED in Tampa, Florida, on this 6th day of October, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:     Counsel of Record